# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **1. RAYMOND L. EDRINGTON, an individual,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **Case No.** 16-cv-563-KEW |
| | ) | |
| **1. FRANKLIN ELECTRIC CO., INC.,** | ) | |
| a foreign corporation, | ) | **JURY TRIAL DEMANDED** |
| | ) | **ATTORNEY LIEN CLAIMED** |
| | ) | **FOR THE FIRM** |
| **Defendant.** | ) | |

## COMPLAINT

**COMES NOW**, the Plaintiff, Raymond L. Edrington ("Edrington"), by and through his attorney of record, Charles C. Vaught of the firm *Armstrong & Vaught, P.L.C.*, and for his cause of action against the above-named Defendant would respectfully show the court as follows:

## STATEMENT OF CASE

This action seeks declaratory relief, actual, compensatory and equitable damages, punitive damages, and costs and attorney fees, for retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, committed by the Defendant.

## JURISDICTION AND VENUE

1. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1367(a). In particular, jurisdiction is premised on a violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*.

2. Declaratory and equitable relief are sought pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 2202, and compensatory and punitive damages are sought pursuant to 42 U.S.C. §§ 2000e, *et seq.*

3. Costs and attorneys' fees may be awarded pursuant to Rule 54 of the Federal Rules of Civil Procedure and the above statutes.

1

4. This Court has jurisdiction over the parties and the subject matter of this action, and this action properly lies in the Eastern District of Oklahoma, pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1391(b), because the unlawful employment practices alleged herein arose in this judicial district.

5. Plaintiff is, and was at all times relevant hereto, a resident of the State of Arkansas residing in Fayetteville, Arkansas.

6. In conformance with Title VII statutory prerequisites, Plaintiff submitted pre-charge information to the United States Equal Employment Opportunity Commission ("EEOC"). Subsequently, Plaintiff submitted a Charge of Discrimination to the EEOC. The EEOC completed its investigation and issued a Notice of Right to Sue on September 15, 2016 (attached as Exhibit A hereto and hereby incorporated by reference as though fully set forth herein), which was not received by Plaintiff until September 19, 2016.

7. Defendant is an employer as defined by 42 U.S.C. § 2000e(b), in that it is a company engaged in an industry affecting commerce which has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

8. The acts and/or omissions giving rise to this lawsuit occurred in Latimer County, State of Oklahoma.

9. Plaintiff was at all times relevant hereto an employee as defined by 42 U.S.C. § 2000e (f), in that he was employed by an employer.

## OPERATIVE FACTS

10. On or about July 14, 2014, Plaintiff began his employment with Defendant as a Senior Quality Engineer at Defendant's Wilburton, OK facility.

11. Throughout his employment, Plaintiff observed that an African-American employee, Tosh Robinson, who happened to be the only African-American employed in the department in which Plaintiff was employed, was regularly subjected to disparate treatment on the basis of his race. Representative examples of this conduct included the following:

    a. A Caucasian employee, Shy Rigsby, would speak in a demeaning manner towards Mr. Robinson. On at least one occasion, Plaintiff observed Mr. Rigsby inform Mr. Robinson to "get your ass out of that chair, it does not belong there" but not make the same comments to Caucasian employees who engaged in the same behavior;

    b. Mr. Rigsby, as well as other Caucasian employees would sit around playing video games on their phones for extended periods but whenever Mr. Robinson would take a break, Mr. Rigsby would yell at him for being a "slacker" and berate him for not doing his job. Mr. Rigsby never made similar comments to his Caucasian co-workers when they took breaks;

    c. Plaintiff observed that, even though he was not a supervisor, Mr. Rigsby was constantly picking apart the work Mr. Robinson performed, appeared to spend an excessive amount of time monitoring Mr. Robinson's comings and goings within the facility, and would attempt to direct the manner in which Mr. Robinson performed his tasks. Plaintiff did not, however, observe Mr. Rigsby behaving in the same manner toward his Caucasian co-workers.

    d. When Plaintiff attempted to address his concern that Mr. Rigsby was treating Mr. Robinson differently because of his race to their immediate supervisor, Dennis Burns, Mr. Burns

simply responded that "Shy [Rigsby] has a thing about that," which Plaintiff understood to refer to Mr. Rigsby not liking African-Americans.

12. Plaintiff reported the disparate treatment of which Mr. Robinson was being subjected to his immediate supervisor, Dennis Burns.  However, nothing was done to address Plaintiff's complaints and the disparate treatment was permitted to continue.

13. As Mr. Burns did not address the race discrimination that Plaintiff observed the first time it was reported, Plaintiff continued to bring the matter to Mr. Burns attention throughout his employment as he continued to observe the disparate treatment Mr. Robinson was enduring.

14. On February 17, 2016, within a few days of reporting the continuation of the race discrimination Mr. Robinson was being subjected to, Plaintiff was terminated from employment by Mr. Burns.

15. The reasons provided for Plaintiff's termination from employment, that he was using the internet for personal matters and that he had not followed up on a lead, were not true and, instead, were merely a pretext to cover up the true reason behind Plaintiff's termination – his opposition to the discriminatory treatment of Mr. Robinson.

16. Plaintiff believes that he was retaliated against for opposing the racial discrimination his African-American co-worker, Tosh Robinson, was subjected to during his employment, in violation of Title VII of the Civil Rights Act of 1964.

## FIRST CLAIM
### (Retaliation in Violation of Title VII)

17.  Plaintiff incorporates and re-alleges the foregoing paragraphs as though fully set forth herein and would further state as follows:

18. Plaintiff followed the proper procedures as an employee of Defendant in exercising his federally protected right to oppose racial discrimination by complaining of the racial discrimination he observed as an employee of Defendant to his supervisors.

19. As a direct result of Plaintiff's complaints, Defendant altered the terms, conditions and/or privileges of his employment by, among other retaliatory acts, terminating his employment.

20. As a direct result of Plaintiff's complaint, Defendant retaliated against Plaintiff for exercising his federally protected right to oppose racial discrimination in the workplace by reporting the disparate treatment he observed that Tosh Robinson was subjected to in the workplace.

**WHEREFORE**, Plaintiff prays that the Defendant appear and answer this Complaint, and that this Court: (1) declare the conduct engaged in by the Defendant to be in violation of Plaintiff's rights; (2) enjoin the Defendant from engaging in such conduct; (3) enter a judgment for Plaintiff in an amount in excess of $100,000.00 plus interest, costs, attorney fees, and compensatory and punitive damages as provided for by applicable law; (4) order Plaintiff's be reinstated to his former position, or award front pay in lieu thereof; and (5) grant Plaintiff such other and further relief as this Court may deem just, proper and equitable.

Respectfully submitted,

**ARMSTRONG & VAUGHT, P.L.C.**

By:   *s/ Charles C. Vaught*
**Charles C. Vaught, OBA #19962**
2727 East 21st Street, Suite 505
Tulsa, OK 74114
(918) 582-2500 – *telephone*
(918) 583-1755 – *facsimile*
***Attorney for Plaintiff***